■ In the Matter of the Claim of DAWN M. VIELE, Appellant. COMMISSIONER OF LABOR, Respondent. [807 NYS2d 476]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 2005, which ruled, inter alia, that claimant was disqualified from receiving unemployment insur-

ance benefits because she voluntarily left her employment without good cause.

Claimant was hired as a waitress to work the swing shift at a restaurant but quit her job after three days of training. Claimant thereafter applied for unemployment insurance benefits, representing that she lost her job due to a lack of work. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause, charged her with a recoverable overpayment of benefits of $2,025 and reduced her right to receive future benefits by eight effective days. Claimant now appeals.

We affirm. General dissatisfaction with working conditions, including an inability to get along with coworkers or having to work undesirable hours, does not constitute good cause for leaving one's employment (*see Matter of Chereshnev* [*Commissioner of Labor*], 296 AD2d 804, 805 [2002]; *Matter of Solano* [*Sweeney*], 234 AD2d 845, 846 [1996]). Claimant testified that she left her job because she did not receive the proper training and was disgusted with the unprofessional manner in which the younger workers conducted themselves on the job. Although claimant stated that the employer would not accommodate her desire to work a different shift, the record reveals that she did not voice her concerns to management until after she quit her job. Under these circumstances, and inasmuch as claimant specifically was hired to work the swing shift, substantial evidence supports the Board's finding that she left her job for personal and noncompelling reasons. Similarly, given that claimant falsely stated on her application that continuing work was not available to her, she was properly charged with a recoverable overpayment (*see Matter of Greco* [*Commissioner of Labor*], 286 AD2d 796 [2001]).

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.